IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

KYLE DEPEW, GRAYSON EARLE, and
YATES MCKEE,

                                   Plaintiffs,

                - against -

THE CITY OF NEW YORK, a municipal
entity, NEW YORK CITY POLICE DEPUTY
INSPECTOR JESSICA COREY, NEW
YORK CITY POLICE OFFICER COHEN,
TAX ID #946868, NEW YORK CITY
POLICE OFFICERS "JOHN DOES 1-4,"

                                 Defendants.

-------------------------------------------------------------------X

**INDEX NO.**
**ECF CASE**

**JURY TRIAL DEMANDED**

JUDGE TORRES **COMPLAINT**

15 CV 3821



RECEIVED
MAY 18 2015
U.S.D.C. S.D.N.Y.

2015 MAY 21   AM 9:43   CITY OF N.Y. LAW DEPT. OFFICE OF CORP. COUNSEL

      Plaintiffs KYLE DEPEW, GRAYSON EARLE and YATES MCKEE (collectively, "Plaintiffs"), by their attorneys, STECKLOW COHEN THOMPSON, complaining of the defendants, respectfully allege as follows:

## I. PRELIMINARY STATEMENT

    1.    Plaintiffs bring this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

    2.    Plaintiffs are members of a prominent group of New York City peaceful political activists known as the "Illuminator Collective." For the several years since its inception, the Illuminator Collective has used video projectors to project political speech and images onto the sides of buildings and other conspicuous flat, windowless spaces in order to increase public awareness of critical issues in our society.

    3.    On the evening of Tuesday, September 9, 2014, the Plaintiffs were projecting political speech onto the exterior of the Metropolitan Museum of Art when they were observed by Defendant DEPUTY INSPECTOR JESSICA COREY, commanding officer of the New York City Police Department ("NYPD")

Central Park Precinct. Defendant DEPUTY INSPECTOR COREY directed her driver, Defendant POLICE OFFICER COHEN, TAX ID #946868, to stop the Plaintiffs' van and issue them various process in the form of summonses and citations, and to seize their projector equipment as arrest evidence.

4.    Because the Plaintiffs were issued summonses, returnable in November of 2014, Defendants' actions deprived Plaintiffs of the use of their projector equipment for the Peoples' Climate March, a major protest march that was widely publicized before this incident and which occurred on Sunday, September 21, 2014, largely within the ambit of the NYPD Central Park Precinct.

5.    The criminal summonses issued to Plaintiffs were all dismissed, sua sponte, by the New York County Criminal Court for legal insufficiency, as they alleged unlawful posting of advertisements in an incident wherein no commercial speech or expression was involved and no items were posted.

6.    We respectfully submit that the arrests of Plaintiffs on legally insufficient charges and seizure of their projector equipment were undertaken deliberately, with full knowledge of the impropriety of the charges tendered, in order end the Plaintiffs' expressive speech activities on the night of the incident, and to prevent them from participating in the Peoples' Climate March thereafter.

7.    Still further, we submit that Defendant DEPUTY INSPECTOR JESSICA COREY, as precinct commander of the NYPD Central Park Precinct, explicitly directed these targeted arrest tactics for the express purposes of chilling Plaintiffs' First Amendment protected rights and retaliating against Plaintiffs for their legal exercise of the same.

8.    In sum, Plaintiffs brings this action in a quest for answers as to why they were retaliated against for their legal exercise of his First Amendment protected rights to free speech and expression, subjected to targeted arrest tactics and prior restraint on speech and expression, and subjected to prosecution in the absence of any criminal conduct or wrongdoing.

## II. JURISDICTION

9.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(3) and (4) and the aforementioned statutory and constitutional provisions.

10.   Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 USC. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action.

## III. VENUE

11.   Venue is proper for the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391(a), (b), and (c) and § 1402(b)

because Defendant CITY OF NEW YORK maintains its primary and relevant place(s) of business in this district.

## IV. JURY DEMAND

**12.** Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## V. THE PARTIES

**13.** Plaintiff KYLE DEPEW is an American citizen and a resident of the City of New York, County of Kings, State of New York.

**14.** Plaintiff GRAYSON EARLE is an American citizen and a resident of the City of New York, County of Kings, State of New York.

**15.** Plaintiff YATES MCKEE is an American citizen and a resident of the City of New York, County of New York, State of New York.

**16.** Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

**17.** Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

**18.** That at all times hereinafter mentioned, Defendants NEW YORK CITY POLICE DEPUTY INSPECTOR JESSICA COREY and NEW YORK CITY POLICE OFFICER COHEN, TAX ID #946868 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

**19.** That at all times relevant to this action, Defendants NEW YORK CITY POLICE DEPUTY INSPECTOR JESSICA COREY and NEW YORK CITY POLICE OFFICER COHEN, TAX ID #946868, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

**20.** That at all times hereinafter mentioned, the Defendant New York City Police Officers "John Does 1-4") (individually, "Defendant OFFICER JOHN DOE ___"; collectively, "Defendant "John Doe" POLICE OFFICERS"), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

**21.** That at all times relevant to this action, the Defendant "John Doe" POLICE OFFICERS, either personally or through their employees, were acting under

color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

**22.** Each and all of the acts of Defendants NEW YORK CITY POLICE DEPUTY INSPECTOR JESSICA COREY, NEW YORK CITY POLICE OFFICER COHEN, TAX ID #946868, and the Defendant "John Doe" POLICE OFFICERS alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## VI. FACTS COMMON TO ALL CLAIMS

**23.** Plaintiffs are members of a prominent group of New York City peaceful political activists known as the "Illuminator Collective."

**24.** The Illuminator Collective has uses video projectors to project political speech and images onto the sides of buildings and other conspicuous flat, windowless spaces in order to increase public awareness of critical issues in our society.

**25.** The Illuminator Collective's primary and preferred means of expressive political speech is projecting video and images as described above.

**26.** The Illuminator Collective possesses a van that has been specially modified to house a projector on its roof, with a periscope-style aperture for the projector operator to use in targeting and controlling the van's projector without extending their limbs outside of the vehicle.

**27.** The Illuminator Collective has regularly participated in protest activities around New York City and in other areas for several years.

**28.** Until the incident at issue here, the Illuminator Collective was never subject to legal scrutiny for their expressive speech activities, despite regular public engagement in expressive speech activities.

**29.** On the evening of Tuesday, September 9, 2014, the Metropolitan Museum of Art was hosting a gala for David Koch, a controversial conservative financier, who had recently donated $65 million dollars to the museum in exchange for the museum's public plaza being renamed after him.

**30.** Plaintiffs were present in the Illuminator Collective van outside of the museum, on the public street.

**31.** Plaintiffs used the projector mounted on said van to project images criticizing David Koch's stances on environmental issues onto the façade of the museum.

**32.** At or around that time, Plaintiffs were observed by Defendant DEPUTY INSPECTOR JESSICA COREY, commanding officer of the New York City Police Department ("NYPD") Central Park Precinct.

**33.** Defendant DEPUTY INSPECTOR COREY directed her driver, Defendant POLICE OFFICER COHEN, TAX ID #946868, to stop the Plaintiffs' van.

**34.** Defendant DEPUTY INSPECTOR COREY directed her driver, Defendant POLICE OFFICER COHEN, TAX ID #946868, issue various process to the Plaintiffs in the form of summonses and citations, and to seize their projector equipment as arrest evidence.

**35.** All three of the Plaintiffs were issued violation criminal court summonses for alleged Unlawful Posting of Advertisements, P.L. 145.30.

**36.** P.L. 145.30 forbids unauthorized individuals from "post[ing], paint[ing] or otherwise affix[ing] to the property of another person any advertisement, poster, notice or other matter designed to benefit a person other than the owner of the property."

**37.** Projecting political speech onto the side of a museum cannot constitute Unlawful Posting of Advertisements under the statute, as no materials are being painted, posted or otherwise affixed to museum property.

**38.** Projecting political speech onto the side of a museum cannot constitute Unlawful Posting of Advertisements under the statute, as said speech is not designed to benefit any particular person in any cognizable fashion.

**39.** Nevertheless, and in full knowledge of the facial impropriety of the charge, Defendant DEPUTY INSPECTOR COREY directed Defendant POLICE OFFICER COHEN to issue summonses to the Plaintiffs accusing them of violating P.L. 145.30.

**40.** These summonses were returnable in New York County Criminal Court on November 5, 2014.

**41.** Plaintiffs KYLE DEPEW and YATES MCKEE were also issued traffic citations for motor vehicle infractions.

**42.** Defendant DEPUTY INSPECTOR COREY directed Defendant POLICE OFFICER COHEN to seize the Plaintiffs' projector as arrest evidence in support of the Plaintiffs' P.L. 145.30 summonses.

**43.** The criminal summonses issued to Plaintiffs were all dismissed, *sua sponte*, by the New York County Criminal Court for legal insufficiency.

**44.** On information and belief, these summonses were found legally insufficient by the court because they alleged unlawful posting of advertisements in an incident wherein no commercial speech or expression was involved and no items were posted or affixed.

**45.** Because the Plaintiffs were issued summonses, returnable in November of 2014, Defendants' actions in seizing Plaintiffs' projector as arrest evidence deprived Plaintiffs of the use of their projector equipment for the Peoples' Climate March, a major protest march that was widely publicized before this incident and which occurred on Sunday, September 21, 2014.

**46.** On information and belief, it was the specific intent of Defendant DEPUTY INSPECTOR COREY in directing the summonsing of Plaintiffs and seizure of Plaintiffs' projector to prevent Plaintiffs from engaging in expressive speech at the Peoples' Climate March.

**47.** On information and belief, the arrests of Plaintiffs on legally insufficient charges and seizure of their projector equipment were undertaken deliberately, with full knowledge of the impropriety of the charges tendered, in order to end the Plaintiffs' expressive speech activities on the night of the incident, and to prevent them from participating in the Peoples' Climate March thereafter.

**48.** Still further, we submit that Defendant DEPUTY INSPECTOR JESSICA COREY, as precinct commander of the NYPD Central Park Precinct, explicitly directed these targeted arrest tactics for the express purposes of chilling Plaintiffs' First Amendment protected rights and retaliating against Plaintiffs for their legal exercise of the same.

**49.** Plaintiffs were detained against their will for a period of time.

**50.** Plaintiffs were deprived of their property for a period of approximately two months as a result of Defendants' actions herein.

**51.** Plaintiffs were subject to a prior restraint on their desired expressive speech activities planned for the Peoples' Climate March.

**52.** As a result of the foregoing, Plaintiffs sustained, inter alia, mental injuries, emotional distress, embarrassment, temporary deprivation of property, humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

**53.** Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**54.** All of the aforementioned acts of the Defendant CITY, and the individual Defendants and their agents, servants and employees, were carried out under the color of state law.

**55.** All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

**56.** The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or

apparent authority attendant thereto.

**57.** The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

**58.** The individual Defendants, and Defendant CITY OF NEW YORK, collectively and individually, while acting under color of state law, engaged in Constitutionally-violative conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**59.** As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, deprivation of property, loss of freedom, and damage to their reputation and standing within their communities.

**60.** As a result of Defendants' impermissible conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

## SECOND CLAIM FOR RELIEF
## <u>FALSE ARREST UNDER 42 U.S.C. § 1983</u>

**61.** Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**62.** Plaintiff GRAYSON EARLE was arrested, detained and issued process in the absence of probable cause by Defendant POLICE OFFICER COHEN, at the direction of Defendant DEPUTY INSPECTOR JESSICA COREY.

**63.** As a result of the aforesaid conduct by Defendants, Plaintiff was subjected to illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained and confined without any probable cause, privilege or consent.

**64.** As a result of the above constitutionally impermissible conduct, Plaintiff GRAYSON EARLE was caused to suffer violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to his reputation and standing within his communities.

**65.** As a result of Defendants' impermissible conduct, Plaintiff GRAYSON EARLE demands judgment against Defendants in a sum of money to be determined at trial.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

**66.** Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**67.** The individual Defendants had an affirmative duty to intervene on the Plaintiffs' behalf to prevent the violation of their constitutional rights.

**68.** The individual Defendants failed to intervene on Plaintiffs' behalf in order to prevent the violation of their constitutional rights despite having had a realistic opportunity to do so.

**69.** The individual Defendants failed to intervene on Plaintiffs' behalf in order to prevent the violation of their constitutional rights despite having substantially contributed to the circumstances within which the Plaintiffs' rights were violated by their affirmative conduct.

**70.** The individual Defendants failed to intervene on Plaintiffs' behalf in order to prevent the violation of his constitutional rights despite their awareness that their rights were being violated.

**71.** As a result of the aforementioned conduct of the individual Defendants, Plaintiffs' constitutional rights were violated.

**72.** As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, deprivation of property, loss of freedom, and damage to their reputation and standing within their communities.

**73.** As a result of Defendants' impermissible conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## RETALIATION FOR FIRST AMENDMENT PROTECTED EXPRESSION
## AND PRIOR RESTRAINT
## UNDER 42 U.S.C. § 1983

**74.** Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**75.** At or around the times that Plaintiffs came into contact with Defendant DEPUTY INSPECTOR JESSICA COREY and DEFENDANT POLICE OFFICER COHEN, Plaintiffs were engaging in protected political speech activities.

**76.** Defendants took adverse action and condoned adverse action against

Plaintiffs for engaging in such protected speech and conduct.

**77.** Defendants took adverse action and condoned adverse action against Plaintiffs by unlawfully issuing them baseless summonses falsely accusing them of violations.

**78.** Defendants took adverse action against Plaintiffs by seizing their property for no proper purpose.

**79.** Defendants took adverse action and condoned adverse action against Plaintiffs by taking Plaintiffs into Police custody and detaining them against their will.

**80.** There was a causal connection between the protected speech and conduct engaged in by Plaintiffs and the adverse actions taken by Defendants.

**81.** The causal connection between the protected speech and conduct engaged in by Plaintiffs and the adverse actions taken against Plaintiffs by Defendants was demonstrated by, among other things, the particular targeting of Plaintiff for baseless summonsing and arrest for expressive political speech activities.

**82.** Plaintiffs were falsely accused of violations and were taken into Police custody and detained against their will.

**83.** The above-described charges were pretexts intended to justify the illegal arrests of Plaintiffs and the seizure of their projector equipment.

**84.** Defendants seized Plaintiffs' property for the express purpose of preventing Plaintiffs from participating in forthcoming free speech activities, to wit, the Peoples' Climate March and other like events occurring in the weeks between September 9, 2014 and November 5, 2014.

**85.** Defendant DEPUTY INSPECTOR JESSICA COREY, as commander of the NYPD Central Park Precinct, knew on September 9, 2014 that the Peoples' Climate March would be occurring in slightly over a week.

**86.** On information and belief, Defendant DEPUTY INSPECTOR JESSICA COREY initiated the arrests of the Plaintiffs and seizure of their property with the express intention of preventing Plaintiffs from engaging in protected speech activities as a component of the Peoples' Climate March.

**87.** The actions of Defendants heretofore described, constituted unlawful detention, imprisonment, and prior restraint and were designed to and did cause harm, suffering and distress both in violation of Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York. and in direct retaliation for the Plaintiffs' exercise of their civil and constitutional rights of free speech, free expression and expressive association

as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

**88.** That the conduct and actions of Defendants. acting under color of State law, in seizing, detaining and depriving the Plaintiffs of their property were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, were done without lawful justification, and were designed to and did cause bodily harm, pain and suffering both in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. §1983, the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiffs' exercise of their civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York.

**89.** Defendants deprived Plaintiffs of their liberty in violation of both their civil and constitutional rights, as guaranteed under 42 U.S.C. §1983 and set forth in the United States Constitution, First, Fourth and Fourteenth Amendments and the Constitution of the State of New York and in direct retaliation for the Plaintiff's exercise of his civil and constitutional rights of free speech, free expression and expressive association as guaranteed by First and Fourteenth Amendments to the United States Constitution as well as the Constitution of the State of New York, or for his proximity to those exercising said rights.

**90.** Defendants actions were undertaken under color of law and would not have existed but for Defendants using their official power.

**91.** As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, deprivation of property, loss of freedom, and damage to their reputation and standing within their communities.

**92.** As a result of Defendants' impermissible conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY UNDER *MONELL* ARISING FROM
### UNCONSTITUTIONAL POLICIES AND CUSTOMS UNDER 42 U.S.C. §1983

**93.** Plaintiffs repeat, reiterate and re-allege each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

**94.** The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

**95.**  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

**96.**  The aforementioned customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department include, but are not limited to, the unconstitutional practice of wrongful arrests and intimidation intended to deter individuals from expressive speech activities in New York.

**97.**  The harms suffered by the Plaintiffs were directed and initiated by Defendant DEPUTY INSPECTOR JESSICA COREY, commander of the NYPD Central Park Precinct, who is a policymaker for law enforcement activities within the confines of the Central Park Precinct.

**98.**  That Defendant CITY OF NEW YORK has had notice of the continuing custom or practice of senior police officials undertaking or commanding wrongful arrests and law enforcement intimidation tactics intended to deter individuals from expressive speech activities in New York via the following cases:

- Boss v. City of New York et al., SDNY 12cv8728 (GBD)(KNF) (Livestreamer at Occupy Wall Street march tackled, brutalized and arrested by senior NYPD official Deputy Inspector Thomas Purtell, now promoted to full chief and commander of NYPD Organized Crime Control Bureau, as subordinate officers cheered "kick his ass, Tom!")

- Global Revolution TV et al. v. City of New York et al., 12cv5086 (GBD) (NYPD and Dept of Sanitation target livestream journalism equipment in eviction of Occupy Wall Street from Zuccotti Park, seize and destroy approx. $75k of cameras, computers, and broadcast media.  In settlement documents, City of New York explicitly recognizes "importance of computers, wifi hotspots, and similarly related live-streaming equipment to plaintiffs' efforts to promote an educated and informed citizenry and to plaintiffs' efforts to protect and promote the rights of the Occupy community")

- Corbin et ano. v. City of New York et al., 12cv2305 (PAC) (Protesters against David Koch and Koch Industries falsely arrested in vicinity of Central Park by 20th Precinct police captain for lawful assembly, lawful protest activities.)

- Reinhart et ano. v. City of New York et al., 13cv8314 (JPO) (Photojournalists covering Occupy Wall Street one year anniversary activities selected for false arrests by senior NYPD officials, Captain Ventrella and Chief Purtell.)

- Rodriguez et al. v. Winski et al., SDNY 12cv3389 (NRB) (National

Press Photographers' Association and others complain of systematic suppression of press and public official observation of policing of Occupy Wall Street; Plaintiff Peter Dutro arrested and falsely accused of interfering with arrest for commenting upon arrest, vindicated by surveillance video contradicting police account of arrest; Plaintiff Justin Wedes arrested for live-streaming police-protester interactions at protest, etc.)

**99.** Despite due and repeated notice of the First Amendment rights of citizens engaging in and documenting public protest activities, those same rights have been disregarded flagrantly and repeatedly by members and ranking officers of the NYPD alike.

**100.** Officers of the NYPD took adverse action against the aforesaid Plaintiffs and other persons similarly situated in deliberate efforts to chill the First Amendment protected expression of persons engaging in and documenting public protest activities.

**101.** The existence of the above-described unlawful *de facto* policies and/or well-settled and widespread customs and practices is known to, encouraged and/or condoned by supervisory and policy-making officer and officials of the NYPD and Defendant CITY OF NEW YORK.

**102.** The actions of the individual police defendants resulted from and were taken pursuant to the above-mentioned *de facto* policies and/or well-settled and widespread customs and practices of Defendant CITY OF NEW YORK, which are implemented by members of the NYPD.

**103.** As a result of the above constitutionally impermissible conduct, Plaintiffs were caused to suffer violations of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, deprivation of property, loss of freedom, and damage to their reputation and standing within their communities.

**104.** As a result of Defendants' impermissible conduct, Plaintiffs demand judgment against Defendants in a sum of money to be determined at trial.

WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

[a] Invoke pendent party and pendent claim jurisdiction.

[b] Award appropriate compensatory and punitive damages.

[c] Award appropriate declaratory and injunctive relief.

[d] Empanel a jury.

[e] Award attorney's fees and costs.

[f] Award such other and further relief as the Court deems to be in the interest of justice.

DATED:      New York, New York
            May 18, 2015

Respectfully submitted,

SAMUEL B. COHEN [SC 0622]
STECKLOW COHEN & THOMPSON
217 Centre Street Floor 6
New York, New York 10013
[212] 566-8000
[212] 202-4952/FAX
SAM@SCTLAW.NYC
ATTORNEYS FOR PLAINTIFF